IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Donsurvi Chisolm, Alvin Davis,<br>Craig E. Ellerbe, Jr., Johnell<br>Richardson, Delronzey Washington,<br>Jason Storms, and Jamarcus Murray,<br><br>            Plaintiffs,<br><br>      v.<br><br>South Carolina Department of Corrections,<br>Warden Leroy Cartledge, and<br>Warden Michael Stephan,<br><br>            Defendants. | Civil Action No. 6:18-cv-1150-RMG<br><br><br>**ORDER AND OPINION** |

Before the Court is the Magistrate Judge's report and recommendation ("R & R") (Dkt. No. 34) that Defendants' motion for summary judgment for failure to exhaust administrative remedies (Dkt. No. 22) be granted as to Plaintiffs Chisolm and Davis and denied as to Plaintiffs Ellerbe, Richardson, Washington, Storms and Murray. For the reasons set forth below, the Court adopts the R & R as the Order of the Court to grant Defendants' motion for summary judgment as to Plaintiffs Chisolm's and Davis's federal claims and deny the motion as to Plaintiffs Ellerbe, Richardson, Washington, Storms and Murray.

## I.      Background

Plaintiffs were incarcerated at the McCormick Correctional Institution in South Carolina and bring claims under the South Carolina Tort Claims Act and 42 U.S.C. § 1983, alleging that Defendants violated their constitutional rights by failing to protect them from incidents of inmate violence between April 2016 and January 2018. (Dkt. No. 1-1.)

**II.** **Legal Standard**

**A.** **Review of the R & R**

The Magistrate Judge makes only a recommendation to the Court that has no presumptive weight and, therefore, the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). In the absence of objections, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation."). Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

**B.** **Motion for Summary Judgment**

Summary judgment is appropriate if the movant "shows that there is no genuine dispute as to any material fact" and it is therefore entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment has the initial burden of demonstrating that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has made this threshold demonstration, the non-moving party must

demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

## III.    **Discussion**

Defendants move for summary judgment on the basis that Plaintiffs failed to satisfy the exhaustion requirement of the Prison Litigation Reform Act ("PLRA") before bringing suit. The PLRA mandates that an inmate exhaust "such administrative remedies as are available" before bringing suit under § 1983. 42 U.S.C. § 1997(e)(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *see also Anderson v. XYZ Corr. Health Servs.*, 407 F.3d 674, 677 (4th Cir. 2005). The administrative remedies are dictated by the prison. *See Jones v. Bock*, 549 U.S. 199, 218 (2007). A prison grievance procedure is "available" if it is "capable of use to obtain some relief for the action complained of." *Ross v. Blake*, 136 S.Ct. 1850, 1855 (2016).

The PLRA, therefore, has a "built-in exception to the exhaustion requirement: A prisoner need not exhaust remedies if they are not 'available.'" *Id.* at 1855. The prisoner bears the burden of demonstrating that an administrative remedy is unavailable. *See Graham v. Gentry*, 413 F.App'x 660, 663 (4th Cir. 2011) ("[I]n order to show that a grievance procedure was not 'available,' a prisoner must adduce facts showing that he was prevented, through no fault of his own, from availing himself of that procedure.") (internal citation omitted). Specifically, an administrative remedy is not "available"—meaning, the remedy, "although officially on the books, is not capable of use to obtain relief"—in at least three circumstances. *Ross*, 136 S.Ct. at 1859. First, "an

administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Id.* Meaning, the "administrative officials have apparent authority, but decline ever to exercise it." *Id.* Second, a remedy is unavailable where the "administrative scheme might be so opaque that it becomes, practically speaking, incapable of use." *Id.* In other words, "some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it." *Id.* Last, an administrative remedy is not available "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1860. In this situation, "officials might devise procedural systems (including the blind alleys and quagmires just discussed) in order to trip up all but the most skillful prisoners" or threaten the inmate. *Id.* (internal quotation marks and citation omitted). Absent such evidence that the administrative remedy was unavailable, failure to exhaust the administrative remedies will bar actions filed under federal law. *See Woodford v. Ngo*, 548 U.S. 81 (2006).

The South Carolina Department of Corrections ("SCDC") employs an inmate grievance process that, with limited exceptions, consists of three steps. First, the inmate must attempt an informal resolution by submitting a Request to Staff Form ("RTS Form") within eight working days of the incident. If the incident involves allegations of criminal activity, an RTS Form is not required, but the inmate must file a Form10-5 Step 1 Grievance within five day of the alleged criminal activity. Otherwise, within eight days of receiving a response to the RTS Form, the inmate must submit a Step 1 Grievance Form that attaches the answered RTS Form. If the RTS Form is not attached, the Step 1 Grievance Form will be returned to the inmate, who has five days to resubmit with the required attachment. Next, if the inmate is not satisfied with the response to

his Step 1 Grievance Form, he has five days from receiving the response to appeal by submitting a checked-box on the Step 1 Grievance Form and a Step 2 Grievance Form. The SCDC's response to the Step 2 Grievance Form is considered the agency's final determination, which the inmate may appeal to the South Carolina Administrative Law Court. (Dkt. No. 25-1.)

Plaintiffs do not object to the R & R on Defendants' motion for summary judgment. (Dkt. No. 37 at 1-2) ("Plaintiffs have no objections to the Court's Order and Report on Defendants' Motion for Summary [sic] but . . . respectfully request the court remand their remaining state claims to the Court of Common Pleas in McCormick County."). After review of the record, the Court finds that a reasonable fact finder could conclude that Plaintiffs Chisolm and Davis failed to exhaust their available administrative remedies, and that genuine issues of material fact remain as to whether the administrative remedies were available to Plaintiffs Richardson, Ellerbe, Washington, Storms and Murry.

## A.    Plaintiffs Chisolm and Davis

A review of Chisolm's prison grievance file reflects that in September 2017 he submitted a Step 1 Grievance Form requesting he be released from lock-up after receiving medical treatment for an unspecified incident. The Step 1 Grievance Form was denied for failure to attach the RTS Form, a deficiency that Chisolm did not correct. (Dkt. Nos. 22-2, 22-3, 22-4.) Similarly, Plaintiff Davis's grievance file reflects that he filed neither an RTS Form nor a Form 10-5 complaining of his treatment by corrections following an October 2017 inmate assault or the assault. (Dkt. No. 22-5.) Davis contends that the administrative remedies were unavailable to him because he was aware that other inmates were frustrated in their own use of the process, but this argument fails. The Court therefore finds that the Magistrate Judge correctly concluded there is no material fact in dispute as to whether Chisolm and Davis failed to exhaust the available administrative remedies.

Accordingly, Defendants' motion for summary judgment as to Chisolm's and Davis's three federal claims is granted. The Court declines to exercise supplemental jurisdiction over Chisolm's and Davis's remaining claim for violation of the South Carolina Tort Claims Act, which is remanded to the Court of Common Pleas of McCormick County, South Carolina.

**B.     Plaintiffs Ellerbe, Richardson, Washington and Storms**

A review of Ellerbe's prison grievance file reflects that he notified SCDC on at least five separate occasions that he was attacked by fellow inmates and felt officers were not guarding his safety. Ellerbe contends that he continued to submit Step 1 Grievance Forms rather than a Step 2 Grievance Form because he did not understand an unprocessed RTS Form returned to him constituted an answer. (Dkt. No. 25-3 ¶ 18.) Plaintiff Richardson similarly submits a sworn statement that he submitted an RTS Form regarding the October 2017 inmate assault, a Step 1 Grievance Form when he received no response to the RTS Form, and did not file a Step 2 Grievance Form because he thought a response to the Step 1 Grievance Form was a prerequisite. (Dkt. No. 25-6 ¶ 17-19.) Plaintiff Washington also swears that he requested, but never received, an RTS Form after the assault and was otherwise unable to file a complaint while in lock-up until January 2018. (Dkt. No. 25-12 ¶ 21.) Plaintiff Storms likewise swears that he submitted an RTS Form regarding a January 2018 inmate attack and robbery, a Step 1 Grievance Form when the RTS Form was not returned to him, and a Step 2 Grievance Form, to which he received no response, when the Step 1 Grievance Form was returned as untimely. (Dkt. No. 25-8 ¶ 19-20.) As the Magistrate Judge noted, these contentions are sufficient to raise material issues of fact as to whether the grievance process an unavailable "dead end" to these Plaintiffs. Accordingly, Defendants' motion for summary judgment as to Plaintiffs Ellerbe, Richardson, Washington and Storms is denied.

**C.      Plaintiff Murray**

As the Magistrate Judge identified, because Defendants concede that Plaintiff Murray was released from McCormick Correctional Institution prior to this lawsuit being initiated, the PLRA exhaustion requirement is not applicable to his federal claims. (Dkt. No. 32 at 11.) *See Cofield v. Bowser*, 247 F.App'x 413, 414 (4th Cir. 2007) ("Because [plaintiff] was not a prisoner when he filed his complaint, the PLRA exhaustion requirement is not applicable to his § 1983 action."). Accordingly, Defendants' motion for summary judgment as to Plaintiff Murray's federal claims is denied.

**IV.      <u>Conclusion</u>**

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 34) as the Order of the Court. Defendants' motion for summary judgment (Dkt. No. 22) is **GRANTED** as to Plaintiffs Chisolm's and Davis's three claims brought under 42 U.S.C. § 1983. Plaintiffs Chisolm's and Davis's remaining claim for violation of the South Carolina Tort Claims Act is **REMANDED** to the Court of Common Pleas of McCormick County, South Carolina. Defendants' motion for summary judgment is **DENIED** as to Plaintiffs Ellerbe, Richardson, Washington, Storms and Murray and the action is **REFERRED BACK** to the Magistrate Judge for pre-trial proceedings.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

February 5, 2019
Charleston, South Carolina